**MARIA ALOYSIA ANG;
et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

---

Maria Aloysia Ang; et al., Petitioners,

v.

**Michael B. Mukasey, Attorney
General, Respondent.**

**Nos. 06–71792, 06–73175.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 18, 2008.

Filed Jan. 30, 2008.

Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Barry J. Pettinato, Esq., Charles E. Canter, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: NOONAN, W. FLETCHER, and BEA, Circuit Judges.

MEMORANDUM *

Lead petitioner Maria Aloysia Ang ("Ang") and her husband Ek Kang Liem ("Liem"), Chinese Christian natives and citizens of Indonesia, petition for review of the Board of Immigration's ("BIA") affirmance of the Immigration Judge's ("IJ") denial of their applications for withholding of removal and protection under the Convention Against Torture ("CAT").

Where it is unclear whether the BIA conducted a de novo review, as here, this court may "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Avetova–Elisseva v. INS,* 213

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

F.3d 1192, 1197 (9th Cir.2000). This court reviews questions of law de novo, *see Kankamalage v. INS,* 335 F.3d 858, 861–62 (9th Cir.2003), and reviews factual findings for substantial evidence, *see Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001). Under the substantial evidence standard, this court reverses the IJ's factual determinations only if "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the IJ's conclusion that petitioners are not entitled to withholding of removal. This court does not reach the question of whether the disfavored group analysis, which was formulated in *Kotasz v. INS,* 31 F.3d 847, 852–55 (9th Cir.1994), and applied to ethnic Chinese in Indonesia seeking asylum in *Sael v. Ashcroft,* 386 F.3d 922, 925–29 (9th Cir.2004), applies to withholding of removal claims because, even if petitioners were permitted to make a lesser showing of individualized risk under the disfavored group analysis, the record does not compel the conclusion that they will "more likely than not" be persecuted on account of race or religion upon return to Indonesia. *INS v. Stevic,* 467 U.S. 407, 429–30, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984); *see also* 8 C.F.R. 208.16(b)(2).

Petitioners are not eligible for relief under the CAT because they have not demonstrated that they will "more likely than not" be tortured upon return to Indonesia. *Nuru v. Gonzales,* 404 F.3d 1207, 1221 (9th Cir.2005); *see also* 8 C.F.R. § 208.16(c)(2).

For the reasons stated, the petition is DENIED.